

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00209-CR

_____

WINFRED WARREN THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law #1
Gregg County, Texas
Trial Court No. 2013-1873

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Winfred Warren Thomas was convicted by a jury of assault causing bodily injury–family violence.[1] The trial court assessed punishment at 300 days' confinement in the Gregg County Jail. On appeal, Thomas contends that the evidence is insufficient to support his conviction.

The evidence shows that a fight took place between Thomas and his wife, Mae Thomas. Both were injured, and there were no other witnesses. When police arrived, she told them he had hit her. At trial, she acknowledged that she had not told them that she hit Thomas first, but pointed out that they had not asked. She also testified that she was using muscle relaxants at the time and was still upset by his perceived intention to leave their house and drive away in her car.

Thomas raised the defensive theory that his actions were taken in self-defense (which was included in the jury charge) and argues that the State failed to prove beyond a reasonable doubt that he did not act in self-defense. Indeed, he argues, the overwhelming weight of the evidence is that he did act in self-defense, and the only direct evidence elicited at trial shows exactly that.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–

---

[1]Thomas was also tried for interfering with an emergency telephone call, but was acquitted. *See* TEX. PENAL CODE ANN. § 42.062 (West Supp. 2013).

18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2013).

When the sufficiency claim involves self-defense, we must also determine whether any rational trier of fact could have found against appellant on the self-defense issue beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). Once a defendant produces evidence raising the issue of self-defense, the State has the burden of persuasion (not production) to refute the self-defense claim, which requires only that the State prove its case beyond a reasonable doubt. *Id.* at 913; *Brecheen v. State*, 372 S.W.3d 706, 708 (Tex. App.—Eastland 2012, pet. ref'd); *Madrigal v. State*, 347 S.W.3d 809, 818 (Tex. App.—Corpus Christi 2011, pet. ref'd); *see* TEX. PENAL CODE ANN. § 2.03 (West 2011).

In this case, there is no suggestion that Thomas did not engage in the actions. The only question is whether he did so while defending himself from the complainant. The evidence on

3

that matter is in conflict. The complaining witness (who can hardly be accurately described as such because at trial she was not complaining) testified that she had initiated the violence and that Thomas was only responding to and attempting to defend himself from her actions. In so testifying, she effectively recanted the statements which she made to police at the time of the altercation. The victim suffered minor injuries to her head, a sprained ankle, and a ruptured eardrum as a result of the fight with Thomas. There is also evidence that she kicked Thomas in the abdomen with sufficient force to cause him to pass blood and that she scratched him. Set against that is testimony that when police responded to a domestic violence call, her story was entirely different.

As shown by the testimony of the officers and the audio/video recording of the interview with the victim, at the time, she claimed that Thomas had instigated the violent behavior that night and that she had not started the fight. At trial, she explained that no one had asked her if she started the fight.

The evidence in this case is in conflict. The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony, and reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The jury may choose to believe some testimony and disbelieve other testimony. *Id.* This is a classic scenario—were you telling the truth then, or are you telling the truth now? The jury had the duty of determining which was the true state of affairs and evidently believed that she was telling the truth at the time of the interview. In that situation, the evidence

is sufficient to show that Thomas was the instigator of the action and was not hitting her in self-defense.  Accordingly, the evidence is sufficient to support the judgment.

We affirm.


Bailey C. Moseley
Justice

Date Submitted:     March 31, 2014
Date Decided:       April 25, 2014

Do Not Publish

5